UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROL PORTER, *et al.*,<br><br>          Defendants. | Case No.  C06-5315  FDB/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**NOTED FOR:**<br>**SEPTEMBER 15, 2006** |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Plaintiff's application was deficient as the court was unable to determine his eligibility for *in forma pauperis* status based on the information submitted by plaintiff. Accordingly, plaintiff was ordered to show cause why his application should not be dismissed. (Dkt. # 3). Plaintiff has not responded to the court's order nor has he requested an extension of time within which to respond to the court's order.

## DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. See Temple v. Ellerthorpe, 586

REPORT AND RECOMMENDATION
Page - 1

F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v. Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

On July 18, 2006, plaintiff was ordered to show cause no later than August 7, 2006, why his application to proceed *in forma pauperis* should not be denied. Plaintiff listed on his application an asset which was partially illegible. The court was unable to make a full and meaningful determination of plaintiff's application without the information and asked plaintiff to provide the court with further information. (Dkt. # 3). Plaintiff did not respond to the order to show cause nor did he request an extension of time within which to respond.

## CONCLUSION

Because plaintiff has failed to respond to the court's order to show cause regarding his need to pay the court filing fee or file a proper application to proceed *in forma pauperis*, the undersigned recommends the court dismiss plaintiff's complaint unless he pays the required $350.00 fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **September 15, 2006**, as noted in the caption.

Dated this 17th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2